UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHLEEN M. WILSON     CIVIL ACTION

VERSUS

FARLEY CENTER AT     NO. 22-00114-BAJ-RLB
WILLAMSBURG, ET AL.

## RULING AND ORDER

Before the Court is Defendant The Farley Center, Inc.'s ("the Farley Center") Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. 17). Plaintiff opposes the motion (Doc. 38), and the Farley Center filed a reply memorandum in further support of its motion. (Doc. 40).

This dispute arises following Plaintiff Kathleen M. Wilson's—a Louisiana-domiciled attorney—participation in a drug and alcohol treatment program at the Farley Center in Williamsburg, Virginia. The remaining defendants include the Farley Center, where Plaintiff received treatment, and CIGNA Insurance Company ("CIGNA"), her insurance provider.

The Farley Center's motion will be denied. The Court agrees that Plaintiff's Complaint, in its current form, fails to set forth "sufficient minimum contacts" to establish the Court's personal jurisdiction over the Farley Center. Nonetheless, the limited allegations and evidence currently before the Court plausibly suggests that requisite contacts *may* exist, and, in lieu of dismissal, the Court will allow limited discovery to permit an exploration of the Farley Center's connections to Louisiana, if any. The Farley Center will be allowed to re-submit its motion pending completion of

jurisdictional discovery and Plaintiff's submission of an amended complaint.

## I. BACKGROUND

The facts relevant solely to Plaintiff's claims against the Farley Center—which the Court accepts as true for present purposes—are as follows:

### A. The Farley Center treated Plaintiff for Alcohol Use Disorder

Plaintiff Kathleen M. Wilson is a practicing attorney in Louisiana, where she is domiciled. (*See* Doc. 9, ¶¶ 7, 10). The Farley Center is a corporation organized under the laws of Virginia with its principal place of business in Williamsburg, Virginia. (Doc. 9, ¶ 2). On May 27, 2021, after Plaintiff was diagnosed with Mild to Moderate Alcohol Use Disorder, the Louisiana Supreme Court ordered Plaintiff to admit herself to a 90-day drug and alcohol inpatient rehabilitation center and to complete additional recommendations set forth by the Judges and Lawyers Assistance Program of Louisiana ("JLAP"). (Doc. 9, ¶ 11). The Farley Center is among the rehabilitation centers included on JLAP's list of authorized providers. (*See* Docs. 9, ¶ 12; 38, p. 1).

Plaintiff traveled to Williamsburg, Virginia and participated in the Farley Center's program from July 12, 2021, to August 22, 2021. (*See* Doc. 9, ¶ 13) The Farley Center discharged Plaintiff on or about August 22, 2021, with a "Maximum Gains" completion because Plaintiff admitted to consuming a non-alcoholic beer while on a "therapeutic leave pass." (Doc. 9, ¶ 15). Before it would sign a "Recovery Contract" for Plaintiff's law license to be reinstated, however, JLAP ordered her to return to the Farley Center to undergo further treatment due to the relapse. (*See* Doc. 9, ¶ 16). On or about September 21, 2021, Plaintiff returned to the Farley Center to undergo

2

further treatment and was discharged on or about October 12, 2021. (*See* Doc. 9, ¶¶ 19, 22.c.). Plaintiff does not state whether JLAP ultimately allowed her to sign a Recovery Contract following her second discharge from the Farley Center, or whether her law license has since been re-instated.

### B. The Farley Center overbilled Plaintiff and caused additional damages

Plaintiff's dispute with the Farley Center focuses on billing and bedbugs.

First, Plaintiff contends that on July 26, 2021—during her first stint at the Farley Center—she was "bitten furiously by a bed bug infestation . . . and suffered severe side effects because of being eaten by bed bugs." (Doc. 9, ¶ 18). Plaintiff seeks compensation for pain and suffering as a result of "being attacked and bitten by bedbugs while at [the Farley Center]." (Doc. 9, p. 4).

Second, Plaintiff contends that she was improperly billed for her treatment in three ways:

(1) For the period July 12, 2021 through July 31, 2021, Plaintiff paid the Farley Center out of pocket for treatment that was subsequently paid by her insurance company, CIGNA, resulting in a double payment to the Farley Center. Yet, despite the double-payment, the Farley Center has not refunded Plaintiff's out of pocket payment.

(2) For the period August 1, 2021 through August 22, 2021, the Farley Center failed to submit a claim to CIGNA, resulting in an unpaid bill. Plaintiff does not state whether she paid this bill out of pocket.

(3) For the period September 21, 2021 through October 12, 2021, the Farley

3

Center failed to submit a claim to CIGNA, also resulting in an unpaid bill. Again, Plaintiff does not state whether she paid this bill out of pocket. (Doc. 9, ¶¶ 17, 20–22).

## II. PROCEDURAL HISTORY

Plaintiff initiated this action on February 15, 2022, (Doc. 1). On March 24, 2022, Plaintiff amended her complaint. (Doc. 9).

On July 8, 2022, the Farley Center filed the instant Motion to Dismiss, seeking dismissal of Plaintiff's claims solely on the basis that Plaintiff has failed to allege facts establishing personal jurisdiction over the Farley Center, a Virginia corporation. (Doc. 17). In support, the Farley Center submits affidavits from its Acting General Counsel Greg Stevens, Director of Business Development and Clinical Services Garry Spain, and Director of Quality, Compliance and Risk Teresa Taylor, purporting to set forth the full scope of its contacts with Louisiana. (Docs. 17-2, 17-3, 17-4). Plaintiff opposes the Farley Center's motion (Doc. 38).

For reasons set forth below, the Farley Center's motion will be denied without prejudice and Plaintiff will be permitted to conduct limited jurisdictional discovery.

## III. DISCUSSION

### A. Legal Standard

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "The plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). In considering a motion to dismiss for lack of

4

personal jurisdiction, the Court must accept the plaintiff's "uncontroverted allegations, and resolve in [her] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the U.S. Constitution. *Revell*, 317 F.3d at 469. Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction over the Farley Center would offend federal due process. *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. R.S. § 13:3201(B)).

> The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) "that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" Sufficient minimum contacts will give rise to either specific or general jurisdiction. "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" Specific jurisdiction arises when the defendant's contacts with the forum "arise from, or are directly related to, the cause of action."

*Revell*, 317 F.3d at 470 (footnotes omitted).

Upon determining that it lacks personal jurisdiction over a foreign defendant, the Court may dismiss the foreign defendant without prejudice. *Guidry v. U.S.*

5

*Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999). Alternatively, the Court may authorize limited jurisdictional discovery where the plaintiff's "allegations . . . suggest with reasonable particularity the possible existence of the requisite contacts." *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).[1] Jurisdictional discovery may include "any combination of the recognized methods of discovery." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

### B. Discussion

Guided by these principles, Plaintiff's Complaint obviously fails to establish personal jurisdiction over the Farley Center. Indeed, from Plaintiff's Complaint it appears that the *only* contacts between the Farley Center and Louisiana are (1) JLAP, which included the Farley Center on its list of substance abuse treatment providers; and (2) Plaintiff, who self-selected the Farley Center as her treatment provider. Plaintiff's complaint fails to allege even the existence of a contract between JLAP and the Farley Center. Without more, the Court cannot find that the Farley Center purposefully availed itself of the benefits and protections of Louisiana, much

---

[1] As a third option, the Court may transfer the entire action "to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; *see Donelon v. Pollick*, No. 20-cv-00177, 2021 WL 796145, at *6 (M.D. La. Mar. 2, 2021) (Jackson, J.) (transferring action to Middle District of Florida upon determining that personal jurisdiction was lacking over Florida banker defendants); *see also Harutyunyan v. Love*, No. 19-cv-41, 2019 WL 5551901, at *6 (E.D. La. Oct. 28, 2019) ("Although the Fifth Circuit has not squarely addressed this issue, it appears to this Court [that] the Fifth Circuit would agree that § 1631 authorizes transfers based on lack of subject matter jurisdiction, personal jurisdiction, or improper venue." (discussing *Dornbusch v. Comm'r*, 860 F.2d 611, 612 (5th Cir. 1988)). The parties have not briefed this alternative, and the Court does not address it here.

less that exercising jurisdiction over the Farley Center is consistent with 'traditional notions of fair play and substantial justice.'" *Cf. Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 500 (5th Cir. 2022) (affirming that "merely contracting with a resident of the forum state does not establish minimum contacts, and that "a plaintiff's unilateral activities in [the forum state] do not constitute minimum contacts where the defendant did not perform any of its obligations in [the forum state] . . . .") (quoting *Moncrief Oil*, 481 F.3d 309, 311 (5th Cir. 2007))).

Nonetheless, the Farley Center's own affidavits suggest that there is more to the story than what appears in Plaintiff's Complaint, including additional facts suggesting the possibility that personal jurisdiction may yet be satisfied. First, Spain *admits* in his affidavit that the Farley Center is included on JLAP's list of approved treatment providers. (Doc. 17-3, ¶ 5). Experience and common sense suggest that such an arrangement is not the result of mere happenstance. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009) ("[W]hether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense."). At minimum, the circumstances of the Farley Center's inclusion on the JLAP list deserves evidentiary development to determine whether and to what extent the Farley Center solicited its position on JLAP's list.

Additionally, Spain states in his affidavit that on July 26, 2021, he sent "an Introduction e-mail to Louisiana JLAP." (Doc. 17-3, ¶ 4). Spain does not reveal the contents of this email, or what prompted it. Significantly, however, this Court has repeatedly held that even a "single communication"—necessarily including a single

7

email—*may* confer specific jurisdiction over a foreign defendant, provided that the *foreign defendant* directs the communication "into the forum," *and* the "'actual content' of that communication gives rise to an intentional tort." *Blackmon v. Bracken Constr. Co., Inc.*, No. 18-cv-00142-BAJ-RLB, 2018 WL 4100684, at *2 (M.D. La. Aug. 28, 2018) (discussing authorities); *cf. Georgia Mobile Dental, LLC v. Napper*, No. 18-cv-269, 2018 WL 6037527, at *6 (M.D. La. Nov. 16, 2018) (Dick, C.J.) (foreign defendant's minimum contacts established by one in-person meeting in Baton Rouge, plus emails, telephone calls, and text messages directed at Louisiana); *Moncrief Oil*, 481 F.3d at 311 ("A single act directed at the forum state can confer personal jurisdiction so long as that act gives rise to the claim asserted[.]"). The circumstances surrounding Spain's July 26 email (and what preceded it) also deserve evidentiary development, particularly given the Farley Center's status as a JLAP-approved treatment provider.

Finally, Taylor states in her affidavit that JLAP previously referred a patient to the Farley Center, in May 2019. (Doc. 17-4, ¶ 4). Again, this suggests the possibility of a deeper connection between the Farley Center and Louisiana than what appears on the face of Plaintiff's Complaint, the circumstances of which deserve additional exploration.

In sum, the allegations and available evidence establish a plausible basis to conclude that the requisite minimum contacts may exist to establish this Court's personal jurisdiction. As such, the Court concludes that this issue deserves additional exploration through limited jurisdictional discovery, as set forth below. *See Fielding*,

8

415 F.3d at 429. Further, the Court will allow Plaintiff to submit an amended complaint, pending completion of the jurisdictional discovery set forth herein.[2]

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that The Farley Center, Inc.'s **Motion To Dismiss For Lack Of Personal Jurisdiction (Doc. 17)** be and is hereby **DENIED**, without prejudice to the Farley Center' right to reassert its arguments upon conclusion of the limited jurisdictional discovery set forth below.

**IT IS FURTHER ORDERED** that within 14 days of the date of this Order, Plaintiff shall propound discovery on the Farley Center to establish the Farley Center's contacts with the State of Louisiana, consistent with the limits set forth herein. The scope of such discovery shall include telephone calls, emails, text messages, contracts, billing claim documentation, and/or other communications relating to the Farley Center's alleged efforts to contract or communicate with JLAP for the purposes of patient referrals and/or billing.

**IT IS FURTHER ORDERED** that Plaintiff's jurisdictional discovery permitted under this Order be and is hereby limited to six *total* requests for

---

[2] If, after close of limited jurisdictional discovery, Plaintiff elects *not* to timely amend her Complaint, Plaintiff's right to amend will be deemed waived and the Farley Center may move for reconsideration of dismissal based on the arguments set forth in its current motion to dismiss.

admission, six *total* written interrogatories,[3] and six *total* requests for production.[4]

**IT IS FURTHER ORDERED** that the Farley Center shall respond to Plaintiff's jurisdictional discovery within 30 days of receipt.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, if any, within 21 days of receipt of the Farley Center's response to Plaintiff's jurisdictional discovery requests. Plaintiff's failure to timely file an amended complaint shall be deemed a waiver of Plaintiff's right to amend.

**IT IS FURTHER ORDERED** that the Farley Center shall file its response to Plaintiff's amended complaint (if any) within 14 days after service of Plaintiff's amended complaint.

---

[3] Plaintiff is advised that the six written interrogatories permitted by this Order are *not* in addition to the 25 written interrogatories permitted by Federal Rule of Civil Procedure 33. Rather, any written interrogatory propounded to the Farley Center under this Order shall count towards Rule 33's limit of 25 written interrogatories.

[4] To be clear, the sum total discovery shall not exceed six requests for admission, six written interrogatories, and six requests for production.

The deadlines set forth in this Order will not be modified or extended absent a showing of good cause. The parties are advised to expeditiously resolve any discovery disputes related to the jurisdictional discovery permitted by this Order. If, after meeting and conferring, the parties are unable to resolve a dispute over the jurisdictional discovery permitted by this Order, a timely filed discovery motion will toll the deadlines set forth herein.

Baton Rouge, Louisiana, this 20th day of December, 2022

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA